UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN ADMIRALTY

CASE NO: _____

Bunkers International Corporation,

    Plaintiff

v.

Tarak Overseas Corporation,

    Defendant,

and

Repapers Corporation,

Banco del Pacifico (Pacific National Bank),

    Garnishees.

_____/

**VERIFIED COMPLAINT WITH**
**REQUEST FOR WRITS OF MARITIME GARNISHMENT**

Plaintiff, Bunkers International Corporation ("Bunkers"), sues Tarak Overseas Corporation ("Tarak") *in personam* and *quasi in rem* as follows:

**Jurisdiction and Venue**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, 28 U.S.C. § 1330, Supplemental Rule B, and Fed. R. Civ. P. 9(h).

2. Defendant, Tarak, cannot be found in this District within the meaning of

Supplemental Rule B.

3. Pursuant to Fed. R. Civ. P. 9 (c), Plaintiff, Bunkers, alleges that all conditions precedent to Bunkers' claims herein have occurred or been performed.

4. Venue is proper in this Court because the Garnishees, Repapers Corporation and Banco del Pacifico (i.e. Pacific National Bank), are located and can be found within this District and they are in possession of property that belongs to the Defendant, Tarak.

5. The maritime contract for marine fuel at issue in this case encompasses Bunkers' General Terms and Conditions of Sale, effective September 1, 2010. In particular, the maritime contract provides for the application of the laws of the United States and Florida. Further, Bunkers, as the "Seller" of the marine fuel, has the contractual right to file its *in rem* maritime lien claims in any jurisdiction that can provide it relief under the general maritime law of the United States. See ¶ 20.1 of Bunkers' General Terms and Conditions of Sale, effective September 1, 2010, which is attached hereto as part of Composite Exhibit "2."

## The Parties

6. Plaintiff, Bunkers, is a Florida corporation with its principal place of business in Lake Mary, Florida. Bunkers is in the business of supplying marine fuel to vessels around the world.

7. Defendant, Tarak, is a Panama corporation with its principal place of business at KM 1 Via Samborondon Urb. Entrerios, Calle Septima Y Rio Vinces, MZ 01, #10 PI SO, Heightwood, Guayaquil, Ecuador.

8. At all times material hereto, Defendant, Tarak, was and is the charterer of the *M/V BAKU* ("Vessel"), which is a general cargo ship registered in Turkey with IMO No. 8811390.

## Count I - Breach of Maritime Contract Claim

9. Plaintiff, Bunkers, re-alleges paragraphs 1 through 8 of the Verified Complaint as if specifically set forth herein.

10. At all times material hereto, Defendant, Tarak, directly, or through its express agents, ordered marine fuel from Plaintiff, Bunkers, to be provided to the Vessel at Fernandina Beach, Florida on or about June 26, 2012. In ordering the fuel for the Vessel, Tarak accepted Bunkers' published General Terms and Conditions of Sale effective September 1, 2010. Plaintiff, Bunkers, arranged for its agent, Colonial Oil Industries, Inc. ("Colonial"), to deliver the marine fuel to the Vessel on June 26, 2012. Bunkers' agent, Colonial, delivered the marine fuel to the Vessel on June 26, 2012. Mr. Ferhat Bati, the Vessel's Chief Engineer, signed Colonial's Bunker Receipt and used the Vessel's seal to acknowledge the quantity of the marine fuel delivered to the Vessel. True and correct copies of: (1) Bunkers' Invoice dated June 26, 2012 is attached hereto as Exhibit "1"; (2) Bunkers' General Terms and Conditions of Sale, effective September 1, 2010 is attached hereto as Exhibit "2"; and (3) Colonial's Bunker Receipts dated June 26, 2012, is attached hereto as Exhibit "3." (Note: The two hand-written Bunkers Receipts are for the same delivery of marine fuel. A second, more legible receipt was prepared so the record of the delivery is clear.)

11. Defendant, Tarak, breached the maritime contract for purchase of marine

fuel by failing to pay Plaintiff, Bunkers, within 30 days of delivery, i.e. July 25, 2012.

12. Despite Plaintiff's demands for payment, Bunkers remains unpaid for the marine fuel it provided to the Vessel.

13. As a direct result of Defendant, Tarak's, breach of contract, Bunkers sustained damages in the amount of U.S. $355,466.85, which is the amount of money Tarak owes for the marine fuel.

14. In addition to the damages, Defendant, Tarak, agreed to pay Bunkers 2.0% interest per month (24% interest per *annum*) on the $355,466.85 or the maximum rate allowed by law from the due date of payment (i.e. July 26, 2012). See ¶ 9.6 of Bunkers' General Terms and Conditions of Sale, which is attached hereto as part of Exhibit "2."

15. Plaintiff, Bunkers, is also entitled to recover its attorney's fees, court costs, and any other expenses caused by Defendant, Tarak's, breach of contract. See ¶ 16.2 of Bunkers' General Terms and Conditions of Sale, which is attached hereto as part of Exhibit "2."

WHEREFORE, Plaintiff, Bunkers International Corporation, demands judgment against Defendant, Tarak Overseas Corporation, and requests the Court to award it compensatory damages of $355,466.85, plus prejudgment interest at the rate of 2.0% per month or the maximum allowable rate as provided by law, expenses, court costs and attorney's fees incurred in litigating this action.

### Count II: Maritime Attachment and Garnishment Claim Pursuant to Rule B

16. Plaintiff, Bunkers, re-alleges paragraphs 1 through 15 of the Verified

Complaint as if fully set forth herein

17. On information and belief, Defendant, Tarak, has property within this District, including but not limited to, accounts receivable owed to it by the Garnishees, Repapers Corporation and Banco del Pacifico (i.e. Pacific National Bank).

18. Since Tarak cannot be found within this District as described by Supplemental Admiralty Rule B, Plaintiff, Bunkers, requests the Court to enter an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B that attaches all of Tarak Overseas Corporation's tangible and intangible property, including funds held by Garnishees on behalf of Defendant, for at least $355,466.85 (i.e. the principal amount of debt owed by Tarak to Bunkers) to secure Bunkers' claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint, as more fully set out below.

WHEREFORE, Plaintiff, Bunkers International Corporation, requests the Court to:

    A.    Issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Tarak Overseas Corporation's tangible and intangible property, including funds held by the Garnishees, for at least $355,466.85 to secure Plaintiff Bunkers' claim;

    B.    Issue an Order directing all persons claiming any interest in this matter and/or the garnished property to appear in this action and assert their

alleged claims, pursuant to Supplemental Rule B, and answer the matters alleged in the Verified Complaint;

C. Enter an Judgment declaring Bunkers International Corporation has a maritime lien against Tarak Overseas Corporation's property garnished in this action, and declare Bunkers' lien to be superior to the claims of any other claimants that might intervene in this action;

D. Enter a Judgment in favor of Bunkers International Corporation against Tarak Overseas Corporation, which directs the Garnishees to deliver all funds they hold on behalf of the Tarak Overseas Corporation to Bunkers International Corporation to satisfy, in part or in whole, the damages, prejudgment interest, expenses, court costs and attorney's fees that the Court awards to Bunkers International Corporation; and,

E. For the Court to grant any other relief it believes proper as a remedy for the damages caused by the Defendant, Tarak.

Dated: August 6, 2012.                    Respectfully Submitted,

STROUP & MARTIN, P.A.
Attorneys for Plaintiff, Bunkers International Corp.
119 Southeast 12th Street
Fort Lauderdale, Florida 33316-1813
Tel:   (954) 462-8808
Fax:   (954) 462-0278
Email: fmartin@strouplaw.com
Email: jstroup@strouplaw.com

BY: /s/ Farris James Martin, III
    FARRIS JAMES MARTIN, III
    Florida Bar No. 0879916
    JAMES W. STROUP
    Florida Bar No. 842117

OF COUNSEL FOR PLAINTIFF:

J. Stephen Simms  
John T. Ward  
SIMMS SHOWERS LLP  
20 South Charles Street, Suite 702  
Baltimore, Maryland 21201  
Tel:   (410) 783-5795  
Fax:   (410) 510-1789  
Email: jssimms@simmsshowers.com

## VERIFICATION

I am a Principal of the law firm Simms Showers LLP, of counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of plaintiff made available to me by plaintiff. Authorized officers of plaintiff are not readily available in this District to make verifications on plaintiff's behalf. I am authorized to make this verification on plaintiff's' behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of defendant Tarak, finding no presence of defendant Tarak in this District. There is no record of any general or resident agent authorized to accept service of process for defendants in this District.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2012.

_____
J. Stephen Simms